IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAIZIE AVICHAIL, )<br>As next friend for )<br>T.A., a minor, )<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　)<br>ST. JOHN'S MERCY HEALTH SYSTEM, )<br>a Missouri non-profit corporation doing )<br>business as ST. JOHN'S MERCY )<br>MEDICAL CENTER, )<br>　　　　　　　　　　　　　　)<br>　　　　Defendant. ) | No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PERSONAL INJURY FORWARD/MEDICAL NEGLIGENCE**

T.A. (hereinafter "T.A." or "Plaintiff"), by her next friend and mother, Maizie Avichail, and through the undersigned attorneys, for a cause of action against Defendant, ST. JOHN'S MERCY HEALTH SYSTEM, a Missouri non-profit corporation doing business as ST. JOHN'S MERCY MEDICAL CENTER (hereinafter "Hospital" or "St. John's"), states as follows:

**PARTIES**

1.  Maizie Avichail is the mother and next friend of Plaintiff, T.A., a minor born in 1994. Both mother and daughter live in, and are citizens of, Kiryat Arba, Israel.

2.  Defendant, St. John's Mercy Medical Center, is a hospital organized and existing under the laws of the state of Missouri, with its principal office located at 645 Maryville Centre Drive, Saint Louis, Missouri 63141. The Hospital, at all times relevant

hereto, operated through its agents and employees, and held itself out and represented itself to be skillful and careful in rendering medical care and treatment to its patients.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court per 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because all of the events and omissions giving rise to this claim occurred at Defendant Hospital, which is located in the County of St. Louis, in the Eastern District of Missouri.

5. With regard to the requirements of Missouri Revised Statutes, § 538.225, Plaintiff contends that such statute does not apply in this matter for reason that the basis of the plaintiffs claim of negligence is the failure of the nurses to follow doctor's orders and therefore no expert testimony is necessary.

## GENERAL ALLEGATIONS

6. T.A. was admitted to St. John's on July 30, 2003 to surgically correct macroglossia (an excessive size of her tongue) resulting from Beckwith–Wiedmann Syndrome. The surgery consisted of a lingual (tongue) reduction and was performed under general anesthetic by Dr. Jeffrey Marsh.

7. Following the surgery T.A. was admitted to the Pediatric Critical Care Department of Hospital, where instructions were given to the nurses to constantly

monitor her post-operative condition, including respiratory functions and oxygen saturation.

8.     T.A. was admitted to the Pediatric Critical Care Department of Hospital for the explicit purpose of maintaining "close clinical observation and cardiorespiratory monitoring with special attention to airway management due to risk for airway obstruction." Despite that mandate, the nurses failed to follow the doctor's orders, as more fully set forth  hereafter, resulting in T.A. going into respiratory distress.

9.     In a post operative order signed by Dr. Marsh on July 30, 2003, in which he gave both his office and cell phone numbers, he ordered that T.A. receive

> Continuous oxygen monitoring. Cardiac/apnea monitoring with a directive to notify Dr. Marsh or Dr. Hagan if there was any respiratory distress or if the oxygen saturation fell below 90%.

10.    A note by the Pediatric Critical Care Medicine Attending Physician, on July 30, 2003—in addition to ordering close clinical observation and cardiorespiratory monitoring with special attention to airway management—ordered that supplemental oxygen be given as needed to maintain the oxygen saturation at 94%.  A similar order was made on July 31, 2003, prior to T.A.'s respiratory failure.

11.    Despite clear and unequivocal directions from the physicians to monitor the oxygen saturation and the cardiorespiratory system, a period of ten hours elapsed on July 31, 2003 in which this didn't occur, and she experienced acute respiratory distress during this time: her oxygen saturation fell from 94% to 50%. T.A. had increased difficulty breathing and her lips turned cyanotic. Even after the nurses finally noted that T.A.'s oxygen level dropped to 50%—and she was having difficulty breathing—it took

nearly 3 more hours before she was intubated and placed on a ventilator. All the while that T.A.'s oxygen saturation plummeted, her mother pleaded with the nursing staff to take some action to alleviate T.A.'s breathing problems. T.A.'s mother was told that T.A. was not their patient, thus delaying any appropriate medical response for hours.

12. In addition to the above, according to the notes in the Hospital chart, T.A. may have developed the respiratory distress as a result of becoming oversedated.

**COUNT I: MEDICAL MALPRACTICE/NEGLIGENCE**

13. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1–12 as if set forth in *extenso*.

14. Defendant, by and through its agents and employees, in the course of rendering medical care to T.A., committed acts or omissions which constitute negligence as that term is defined by law, and constitute a breach of the standard of care that a reasonable prudent hospital would have used under the same or similar circumstances, including, but not limited to, the following acts and/or omissions:

    a. Failing to follow the physicians' orders regarding close clinical observation and cardiorespiratory monitoring with special attention to airway management;

    b. Failing to timely and properly monitor, evaluate, diagnose and treat T.A.'s medical condition following the surgery;

    c. Failing to timely recognize and manage complications from surgery;

    d.    Failure to ensure adequate competent staff was available to monitor and treat T.A. following her surgery and after her admission to the Pediatric Critical Care Department;

    e.    Failure to have proper policies and procedures for personnel to follow;

    f.    Failure to hire personnel adequately trained and educated in the procedures needed for pediatric patients in the Critical Care Department;

    g.    Failure to provide adequate training and supervision of its personnel in the Pediatric Critical Care Department;

    h.    Failure of its personnel to timely communicate with each other and with appropriate physicians;

    i.    Failure of its nursing personnel to follow Hospital's own policies and procedures; and,

    j.    Failure of its nursing personnel to take timely steps to remedy T.A.'s respiratory problems when they were repeatedly alerted to the problems by T.A.'s mother.

15.    The above-mentioned acts and/or omissions of St. John's, in addition to any other act that would be considered negligent, were singularly and/or cumulatively a proximate cause of T.A.'s respiratory distress, and the damages alleged by Plaintiff herein.

**DAMAGES**

16. As a direct and proximate result of the negligent acts and/or omissions of the Defendant, as set forth herein, T.A. has suffered, and in all reasonable medical probability will, for the remainder of her life, continue to suffer physical pain, mental anguish, and mental and physical impairment.

17, As a direct and proximate result of the negligence and/or omissions of Defendant, as set forth herein, T.A.'s educational ability has been negatively compromised to the extent that she is not able to function in a regular school setting, into which she was ready to be mainstreamed at the time of the surgery.

18. In addition to the above damages, T.A. has suffered, and will continue to suffer, loss of enjoyment of life and will suffer permanent loss of earning capacity for the remainder of her lifetime.

19. In addition to the above damages, T.A. has incurred expenses for medical and psychological care and will incur expenses for such care after she reaches majority and for the rest of her life.

20. All of the above have resulted in damages which are within the jurisdictional limits of this Court, for which Plaintiff now pleads against Defendant.

21. Each of the negligent acts or omissions set forth above were outrageous because of Defendant's reckless indifference to the rights of  T.A., thus giving rise to an award of exemplary or punitive damages.

**JURY DEMAND**

22. Plaintiff demands that all issues of fact in this case be tried to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant for the general and special damages described above and in the full amount allowed by law, together with punitive damages, costs of this lawsuit, pre-judgment and post-judgment interest at the highest rate allowed by law, and for such other and further relief, at law or equity, to which Plaintiff is entitled.

Respectfully submitted this _____ day of January, 2009.

_____
Nathan Davidovich
Davidovich Law Firm, LLC
219 South Holly Street
Denver, Colorado 80246
Tel: (303) 825-5529
Fax: (303) 265-9797
nathandavidovich@talk-law.com


_____
Stuart A. Jay
The Law Offices of Stuart A. Jay, LLC
600 17th Street
Suite 2800 South
Denver, Colorado 80202-5428
Tel: (303) 634-2258
Fax: (303) 200-8688
stuartjay@stuartjaylaw.com

*Attorneys for Plaintiff*

Plaintiff's Address:
POB 1305
Kiryat Arba 90100 Israel

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant for the general and special damages described above and in the full amount allowed by law, together with punitive damages, costs of this lawsuit, pre-judgment and post-judgment interest at the highest rate allowed by law, and for such other and further relief, at law or equity, to which Plaintiff is entitled.

Respectfully submitted this 7th day of January, 2009.

_____
Nathan Davidovich
Davidovich Law Firm, LLC
219 South Holly Street
Denver, Colorado 80246
Tel: (303) 825-5529
Fax: (303) 265-9797
nathandavidovich@talk-law.com

_____
Stuart A. Jay
The Law Offices of Stuart A. Jay, LLC
600 17th Street
Suite 2800 South
Denver, Colorado 80202-5428
Tel: (303) 634-2258
Fax: (303) 200-8688
stuartjay@stuartjaylaw.com

*Attorneys for Plaintiff*

Plaintiff's Address:
POB 1305
Kiryat Arba 90100 Israel