UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *MAIZIE AVICHAIL, as next friend of T.A., a minor,* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 4:09CV00069DJS ) |
| *ST. JOHN'S MERCY HEALTH SYSTEM, a Missouri non-profit corporation d/b/a ST. JOHN'S MERCY MEDICAL CENTER,* | ) ) ) ) ) |
| Defendant. | ) ) |

## ANSWER TO AMENDED COMPLAINT

Comes now Defendant, by and through counsel, and for its answer to the plaintiff's Amended Complaint, states as follows:

1.    Defendant admits that Maizie Avichail is the mother and next friend of plaintiff T.A., a minor, born in 1994.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained herein, and therefore, denies same.

2.    Defendant St. John's Mercy Health System admits that it is a Missouri non-profit corporation operating St. John's Mercy Medical Center with its principal place of business in St. Louis, Missouri.  The defendant further admits that St. John's Mercy Medical Center operates through employees.  Defendant denies the remaining allegations contained herein and denies that codefendant Nurse Jones was its agent, servant or employee.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and, therefore, denies same.

1517746\2

4.      Defendant admits that Nurse Jones is a Registered Nurse and provided to care to the minor plaintiff and was supplied to the hospital by Fastaff. Defendant denies the remaining allegations contained

5.      Defendant denies liability, but acknowledges diversity jurisdiction based upon the pleadings.

6.      Defendant denies liability, but acknowledges that venue would be proper in this District based upon the allegations.

7.      Denied.

8.      Defendant admits that T.A., a minor, was admitted to St. John's Mercy Medical Center with a diagnosis of Beckwith-Wiedemann Syndrome and pervasive developmental disorder on July 30, 2003 for surgery by Dr. Jeffrey Marsh. Defendant denies the remaining allegations contained herein.

9.      Defendant admits that after surgery the minor, T.A., was initially seen in the Post Anesthesia Care Unit and then transferred to the Pediatric Intensive Care Unit where she was seen by nurses and physicians to monitor her condition. Defendant denies the remaining allegations contained herein.

10.     Denied.

11.     Defendant admits that Dr. Marsh wrote orders on July 30, 2003 which included continuous oxygen monitoring and a request to notify if oxygen saturations fell below 90% or there was respiratory distress, but defendant denies the remaining allegations contained herein.

12.     Defendant admits that there were progress notes by the PICU Attending on July 30, 2003 and that the child received supplemental oxygen with oxygen saturation monitoring. Defendant denies the remaining allegations contained herein.

13. Denied.

14. Denied.

## COUNT I

15. Defendant incorporates herein its answers to the allegations of Paragraphs 1-12.

16. Denied, including all subparts.

17. Denied.

18-21. Denied.

22. Plaintiff and defendant both request a trial by jury.

## AFFIRMATIVE DEFENSES

1. In further answer and defense, defendant intends to rely upon the rights and benefits of RSMO. Chapter 538, as amended by H.B.393 on August 28, 2005, including all subparts, and, requests the damage caps set forth in §538.210, the limitations on liability for non-employees in §538.210 and, pursuant to §538.220.2 defendant requests that the Court include in any judgment a requirement that future damages be paid in whole or in part in periodic or installment payments and subject to forfeiture under that statute, set the duration of future medical payments using the life expectancy evidence of the plaintiff, and set the interest rate per the Federal Reserve Board.

2. Defendant requests an apportionment of fault among all parties to this suit and among all tort-feasors who might settle with the plaintiff pursuant to RSMO. §538.230. Should the provisions of RSMO. §538.230 be determined to be inapplicable or if the parties agree otherwise, then defendant seeks a reduction/credit for any settlement monies received by the plaintiff from any tort-feasor under RSMO. § 537.060.

1517746\2

3. Should the plaintiff submit a claim against this defendant as master for the conduct of codefendant Fastaff and/or Nurse Jones, as agent, servant or employee, then this defendant requests contribution – indemnity via cross claim from the codefendant(s) under Missouri common law and as set forth in MAI 30.02.

4. For further answer and defense, Defendant states that it intends to rely upon the provisions of §490.715 R.S.Mo., limiting the economic damages for medical expenses to the amounts actually paid to a healthcare provider.

WHEREFORE, having fully answered, Defendant prays this Court dismiss the Amended Complaint with cost to Plaintiff.

By:   /s/Kenneth W. Bean
Kenneth W. Bean, #2595
SANDBERG, PHOENIX & von GONTARD, P.C.
One City Centre, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
E-mail:  kbean@spvg.com

### Certificate of Service

I hereby certify that on 13th day of July, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Nathan Davidovich
nathandavidovich@talk-law.com

Stuart A. Jay
stuartjay@stuartjaylaw.com

By:   /s/Kenneth W. Bean
Kenneth W. Bean, #2595

1517746\2