S2109
RKH/cle

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAIZIE AVICHAIL, ) | |
| As next friend for ) | |
| T.A., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 09-69-DJS |
| ) | |
| ST. JOHN'S MERCY HEALTH SYSTEM, ) | |
| A Missouri non-profit corporation doing ) | |
| Business as ST. JOHN'S MERCY ) | |
| MEDICAL CENTER, GERALDINE JONES and ) | |
| FASTAFF, INC. a Colorado corporation ) | |
| d/b/a Fastaff Travel Nursing, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS GERALDINE JONES AND FASTAFF, INC. a Colorado Corporation d/b/a FASTAFF TRAVEL NURSING'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME the Defendants, GERALDINE JONES and FASTAFF, INC., a Colorado Corporation d/b/a Fastaff Travel Nursing, by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Answer to the Plaintiff's Amended Complaint, show the court the following:

1. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 and therefore deny the same.

2. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 and therefore deny the same.

3. The defendants admit that Fastaff, Inc. is in the business of providing nursing services and operates in Colorado. The defendants admit that nurses are in Fastaff's employ. Defendants deny the remained of the allegations contained in paragraph 3.

S2109
RKH/cle

    4.      The defendant admits that Geraldine Jones was in its employ on or about June 31, 2003. The defendants make no answer as to the last sentence of paragraph 4 as the same is unclear and as such, deny the same.

    5.      The defendants deny liability, but acknowledge diversity jurisdiction based upon the pleadings.

    6.      Defendants deny liability, but acknowledge that venue would be proper in this District based upon the allegations.

    7.      The defendants deny the allegations contained in paragraph 7.

    8.      Defendants admit that T.A., a minor, was admitted to St. John's Mercy Medical Center with a diagnosis of Beckwith-Wiedemann Syndrome and pervasive developmental disorder on July 30, 2003 for surgery by Dr. Jeffrey Marsh. Defendants deny the remaining allegations contained in paragraph 8.

    9.      Defendants admit that after surgery the minor T.A., was initially seen in the Post Anesthesia Care Unit and then transferred to the Pediatric Intensive are Unit where she was seen by nurses to monitor her condition. Defendants deny the remaining allegations contained in paragraph 9.

    10.      The defendant denies the allegations contained in paragraph 10.

    11.      Defendants admit that Dr. Marsh wrote orders on July 30, 2003 which included continuous oxygen monitoring and a request to notify if oxygen saturations fell below 90% or there was respiratory distress, but defendant denies the remaining allegations contained in paragraph 11.

S2109
RKH/cle

12.     Defendants admit that orders were written on July 30, 2003 and that the child received supplemental oxygen with oxygen saturation monitoring. Defendants deny the remaining allegations contained in paragraph 12.

13.     The defendants deny the allegations contained in paragraph 13.

14.     The defendants deny the allegations contained in paragraph 14.

15.     The defendants incorporate herein by reference their responses to paragraphs 1 through 14 as if the same have been set forth fully herein.

16.     The defendants deny the allegations contained in paragraph 16 and in particular deny the allegations contained in paragraphs 16a, b, c, d, e, f, g, h, i and j.

17.     The defendants deny the allegations contained in paragraph 17.

18.     The defendants deny the allegations contained in paragraph 18.

19.     The defendants deny the allegations contained in paragraph 19.

20.     The defendants deny the allegations contained in paragraph 20.

21.     The defendants deny the allegations contained in paragraph 21.

22.     The defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 and therefore demand strict proof of the same.

23.     The defendants deny the allegations contained in paragraph 23, which is mis-numbered as paragraph 21.

WHEREFORE, the defendants pray that this Honorable Court enter judgment in their favor and further dismiss the plaintiff's claim.

DEFENDANTS DEMAND TRIAL BY JURY

S2109
RKH/cle

                              GERALDINE JONES and FASTAFF, INC., a Colorado Corporation d/b/a Fastaff Travel Nursing, Defendant

                              By: /s/ Richard K. Hunsaker
                              HEYL, ROYSTER, VOELKER & ALLEN
                              Richard K. Hunsaker - #239585

HEYL, ROYSTER, VOELKER & ALLEN
Suite 100, Mark Twain Plaza III
105 West Vandalia
P.O. Box 467
Edwardsville, Illinois 62025 0467
Telephone  618.656.4646
Facsimile  618.656.7940

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 25, 2010, the foregoing was electronically filed with the Clerk of the Court of the Eastern District of Missouri using the CM/ECF system, which will send notification of such filing to the following:

Nathan Davidovich – nathandavidovich@talk-law.com
Kenneth Bean – kbean@sandbergphoenix.com

                              /s/ Richard K. Hunsaker
                              HEYL, ROYSTER, VOELKER & ALLEN