IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAIZIE AVICHAIL, | ) | |
| As next friend for | ) | |
| T.A., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:09CV00069-ERW |
| | ) | |
| v. | ) | |
| | ) | |
| ST. JOHN'S MERCY HEALTH SYSTEM, | ) | |
| a Missouri non-profit corporation doing | ) | |
| business as ST. JOHN'S MERCY | ) | |
| MEDICAL CENTER, GERALDINE | ) | |
| JONES and FASTAFF, INC., a Colorado | ) | |
| Corporation, d/b/a Fastaff Travel Nursing | ) | |
| | | |
| Defendants. | | |

**PLAINTIFF'S MOTION IN LIMINE**

COMES NOW, the Plaintiff by and through her attorney, Nathan Davidovich, Davidovich Law Firm, LLC and hereby submits her Motion in Limine as follows:

Defendants should be directed to refrain from offering improper opinion evidence where such intended opinions do not comply with Fed.R.Civ. P. 26(a)(2), in that the required reports have not been received from persons from whom Defendants intend to elicit opinion evidence.

1. Defendant, St. John's, in its DEFENDANT ST. JOHN'S MERCY HEALTH SYSTEM'S DISCLOSURES PURSUANT TO RULE 26(a)(2) stated as follows:

> Defendant **reserves the right to elicit opinion evidence at trial** through the testimony of the following physicians and nurses who treated minor plaintiff TA. at St. John's Mercy Medical Center: (a) Jeffrey Marsh, 621 S, New Ballas Road, Suite 260A, St, Louis, MO 63141 who has been deposed; (b) Ruben Cohen, M.D., 1830 Kehr's Mill Road, Chesterfield, MO 63005; (c) Kristen Soehngen,

    M.D., 268 Spring Oaks Drive, Ballwin, MO 63011; (d) Patty Stapf, R.N., 239
    Reavis Place, Webster Groves, MO 63119 who has been deposed; (e) Allison
    Galiley R.N., 5015 Cold Springs Lane, St. Louis, MO 63128 who has been
    deposed; and (f) Geraldine Jones, R.N. who has been deposed. Each may be asked
    questions about their care and treatment, the general care and treatment provided
    to the minor plaintiff at St. John's Mercy Medical Center, and **matters within**
    **their expertise**. Defendant further reserves the right to elicit opinion testimony
    from any opinion witnesses disclosed by codefendants. (Emphasis supplied).

  2.  Defendant, Fastaff, in its DEFENDANTS FASTAFF, INC. AND GERALDINE

JONES' DISCLOSURES PURSUANT TO RULE 26(a)(2) stated as follows:

    D. Defendants **reserve the right to elicit opinion evidence** at trial through the
    testimony of the following physicians and nurses who treated minor plaintiff T.A.
    at St. John's Mercy Medical Center: (1) Jeffrey Marsh, 621 S, New Ballas Road,
    Suite 260A, St, Louis, MO 63141 who has been deposed; (2) Ruben Cohen, MD.,
    1830 Kehr's Mill Road, Chesterfield, MO 63005; (3) Kristen Soehngen, MD., 268
    Spring Oaks Drive, Ballwin, MO 63011; (4) Patty Stapf, R.N., 239 Reavis Place,
    Webster Groves, MO 63119 who has been deposed; and (5) Allison Galiley R.N.,
    5015 Cold Springs Lane, St. Louis, MO 63128 who has been deposed. The
    Defendant Fa staff, Inc. may call **Geraldine Jones to testify that she complied**
    **with nursing standards of care** and to testify to those matters discussed at her
    discovery deposition. Each of the foregoing individuals may be asked questions
    about their care and treatment, the general care and treatment provided to the
    minor plaintiff at St. John's Mercy Medical Center, and **matters within their**
    **expertise.**

    E. To the extent that a Rule 26 disclosure is necessary, Geraldine Jones
    anticipates that she will be called as a witness on her own ,behalf, In addition to
    the matters discussed at her discovery deposition, **Ms, Jones will testify that she**
    **complied with nursing standards of care,** will discuss the medical records
    which contain her writings and entries, will discuss her observations and
    recollections and will specifically respond to the criticisms made of her by
    Dr.Polaner. (Emphasis supplied).

  While Plaintiff has no objection to testimony about each individual's care and

treatment of the minor Plaintiff, opinion evidence from any of the above witnesses is improper as

there have been no Rule 26(a)(2) designations or reports, as required by Rule 26(a)(2) as well as

this Court's Case Management Order (Doc. 13), which stated in part:

      (b) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 1, 2009**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 30, 2009**. *The Court considers a treating physician who will testify as to causation or prognosis to be an expert witness subject to disclosure under this subsection.*

Dated this 4th day of October, 2010.

    Respectfully submitted this 4th day of September, 2010.

        s/ Nathan Davidovich
        Nathan Davidovich
        Davidovich Law Firm, LLC
        219 South Holly Street
        Denver, Colorado 80246
        Tel: (303) 825-5529
        Fax: (303) 265-9797
        nathandavidovich@talk-law.com

        ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2010, a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE** was served by ECF to:

>Kenneth W. Bean, Esq.
>Bobbie Moon, Esq.
>Sandberg Phoenix & von Gontard P.C
>600 Washington Avenue - Suite 1500
>St. Louis, MO 63101-1313
>kbean@sandbergphoenix.com
>bmoon@sandbergphoenix.com
>
>Richard Hunsaker, Esq.
>Melanie E. Riley, Esq.
>HEYL, ROYSTER, VOELKER & ALLEN
>Richard Hunsaker
>105 West Vandalia Street, Suite 100
>Edwardsville, IL 62025
>rhunsaker@exchange.heylroyster.com
>mriley@exchange.heylroyster.com

     s/Julie Rotenberg