UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAIZIE AVICHAIL, ) <br> as next friend for T.A., a minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ST. JOHN'S MERCY HEALTH SYSTEM, ) <br> a Missouri non-profit corporation ) <br> doing business as St. John's ) <br> Mercy Medical Center, et al., ) <br> ) <br> Defendants. ) | Case No. 4:09CV00069 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine [doc. #101]; Defense Motion in Limine to Preclude Hearsay Evidence from Plaintiff Regarding Comments Allegedly Made at the Hospital [doc. #103]; Defendants' First Motion in Limine [doc. #104]; Defendants' Second Motion in Limine [doc. #105]; Joint Defendants' Motion in Limine to Bar Plaintiff from Offering Medical or Nursing Conclusions [doc. #106]; Defendants' Third Motion in Limine [doc. #107]; Defendants' Fourth Motion in Limine [doc. #109]; Defendants' Fifth Motion in Limine [doc. #111]; Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Expert Leah Hochbaum [doc. #112]; Defendants' Joint Motion in Limine to Exclude and Bar Causation Testimony and Opinions of Plaintiff's Rebuttal Expert Paul Levisohn [doc. #114]; Defendants' Joint Motion in Limine to Limit and Exclude the Causation Testimony and Opinions of Plaintiff's Expert David Polaner [doc. #116]; Plaintiff's Motion to Strike Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Expert Leah Hochbaum [doc. #118]; Plaintiff's Motion to

Strike Defendants' Joint Motion in Limine to Exclude and Bar Causation Testimony and Opinions of Plaintiff's Rebuttal Expert Paul Levisohn [doc. #119]; Plaintiff's Motion to Strike Defendants' Joint Motion in Limine to Exclude the Causation Testimony and Opinions of Plaintiff's Expert David Polaner [doc. #120]; and Plaintiff's Motion to Have Certain Witnesses Appear at Trial by Video Link [doc. #129]. The Court held a Pretrial Conference on October 7, 2010, and these pending Motions were addressed by the Parties.

## I. PLAINTIFF'S MOTION IN LIMINE [doc. #101]

In this Motion, Plaintiff requests that the Court direct Defendants to refrain from offering improper opinion evidence. Plaintiff is specifically referring to opinion evidence from witnesses listed as non-retained experts, for whom Defendants have not submitted Rule 26(a)(2) designations or reports. Defendants argue that the Motion should be denied because Rule 26(a)(2) does not apply to the additional witnesses because they are the treating nurses and physicians, and they were not retained to testify in this case.

The Court finds that Rule 26(a)(2) does not prevent Jeffrey Marsh, M.D., Ruben Cohen, M.D., Kristen Soehngen, M.D., Patty Stapf, R.N., Allison Galiley, R.N., and Geraldine Jones, R.N., from testifying in this case. With respect to Defendant Geraldine Jones specifically, the Court has not located any authority suggesting that she is unable to testify as to the appropriate standard of care. *Contra Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993) ("Nothing in the Federal Rules of Evidence prohibits a party from serving as an expert witness. The fact that the witness is a party is properly considered when the court assesses the witnesses' credibility."); *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988) ("Rule 702 of the Federal Rules of Evidence, which governs the qualification of expert witnesses, is

2

latitudinarian, and nothing in its language suggests that a party cannot qualify as an expert.");
*Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (noting that a witness's "interest in the action
. . . would affect the weight, not the admissibility of his testimony"); *Liberty Mut. Ins. Co. v. B.
Frank Joy Co.*, 424 F.2d 831, 832 (D.C. Cir. 1970) (noting that "disinterestedness is not required
of expert witnesses any more than it is required of ordinary witnesses"). The Court will deny
Plaintiff's Motion.

## II. DEFENSE MOTION IN LIMINE TO PRECLUDE HEARSAY EVIDENCE FROM PLAINTIFF REGARDING COMMENTS ALLEGEDLY MADE AT THE HOSPITAL [doc. #103]

In this Motion, Defendant St. John's Mercy Medical Center seeks to preclude testimony from Plaintiff that an unidentified member of the "oxygen team," which was called in to help when T.A. developed breathing problems, stated that Dr. Marsh would not provide treatment for T.A. because he did not want to be sued. Defendant argues that the alleged statement is hearsay, is not relevant, and is speculative. The Court agrees with Defendant, and finds that Plaintiff will be precluded from testifying about the alleged statement. Plaintiff will be permitted to testify about the specific events she observed, but she will not be permitted to testify about anything that anyone said without first obtaining permission from this Court. Defendant's Motion will be granted.

## III. DEFENDANTS' FIRST MOTION IN LIMINE [doc. #104]

In this Motion, Defendants request that the Court instruct Plaintiff and her counsel, and all witnesses called by Plaintiff, not to mention, refer to, or make statements about the fact that Defendants are insured against liability for this incident. In response, Plaintiff agreed that neither she nor her counsel would make any reference to insurance during the trial. However, Plaintiff

requested permission to ask the following insurance question on voir dire: "Is any prospective juror a stockholder or employee of a casualty insurance company or employed as a claims investigator or insurance adjuster, or is an insurance company agent?"

The Court will grant Defendants' First Motion in Limine, and will enforce Plaintiff's agreement not to refer to insurance during the trial. With respect to Plaintiff's requested voir dire question, the Court will allow the question, under the following parameters: the Court will read the question during its questioning of the jury panel, and if any potential juror responds in the affirmative to the question, the matter will be taken up outside the hearing of the other potential jurors.

## IV.  DEFENDANTS' SECOND MOTION IN LIMINE [doc. #105]

In this Motion, Defendants request that the Court instruct Plaintiff and her counsel, and all witnesses called by Plaintiff, not to mention, refer to, or make statements about representatives of Defendants discussing settlement or engaging in settlement negotiations. Plaintiff has agreed to comply with the provisions of Federal Rule of Evidence 408, and not refer to such discussions. The Court finds that no mention shall by made by either Plaintiff or Defendants, or any attorney for Plaintiff or Defendants, regarding settlement discussions at any time. Defendants' Motion will be granted.

## V.  JOINT DEFENDANTS' MOTION IN LIMINE TO BAR PLAINTIFF FROM OFFERING MEDICAL OR NURSING CONCLUSIONS [doc. #106]

In this Motion, Defendants request that the Court preclude Plaintiff Maizie Avichail from offering direct testimony on her opinions of the medical and nursing care provided by Defendants, the quality of the medical records maintained by Defendants, or any alleged causation between

4

Defendants' conduct and T.A.'s condition. Defendants assert that Plaintiff has no foundation for these opinions, and she is not qualified as an expert witness to offer opinion testimony. The Court agrees with Defendants, and finds that Plaintiff will be precluded from testifying about her opinions regarding the medical and nursing care received by T.A. Defendants' Motion will be granted.

## VI. DEFENDANTS' THIRD MOTION IN LIMINE [doc. #107]

In this Motion, Defendants request that the Court instruct Plaintiff and her counsel, and all witnesses called by Plaintiff, not to mention, refer to, or make statements that Defendants are represented by large defense firms, with many attorneys and support personnel. The Court holds that Plaintiff's counsel is precluded from asking voir dire questions in any fashion that suggests that Plaintiff does not stand on equal footing because of the disproportionate size of respective law firms. Defendants' Motion will be granted.

## VII. DEFENDANTS' FOURTH MOTION IN LIMINE [doc. #109]

In this Motion, Defendants request that the Court bar Plaintiff's counsel from making statements that directly or indirectly intimate that any of the Defendants "violated standards of care" or "committed malpractice," or any other similar reference to an act or omission not specifically pled and supported by expert testimony. The Court finds that Plaintiff's counsel and witnesses are precluded from testifying or mentioning any act of negligence that is not contained in Plaintiff's Complaint, and supported by expert testimony. Defendants' Motion will be granted.

## VIII. DEFENDANTS' FIFTH MOTION IN LIMINE [doc. #111]

In this Motion, Defendants request that the Court enter an order barring Plaintiff, her attorney, and opinion witnesses from offering opinions or claims that any applicable standard of

care was deviated from in any way which has not been testified to by Dr. Polaner. In response, Plaintiff asserts that expert testimony on causation will not be necessary if she can prove that any nurse disconnected monitors from T.A. before the nurses were notified that T.A.'s oxygen saturation fell well below the required 90%. Plaintiff also states that to the extent it is necessary to establish a deviation from the standard of care, she will rely on the expert testimony of Dr. Polaner only.

Plaintiff's argument that Plaintiff need not produce expert testimony to support her claims of negligence by showing the nurses, or any of them, failed to follow the orders of Dr. Marsh, or any physician, without expert testimony is rejected. Defendants' Motion will be granted.

## IX. DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT LEAH HOCHBAUM [doc. #112]

In this Motion, Defendants request that the Court bar the expert opinions of Leah Hochbaum, an occupational therapist who worked with T.A. at her school in Israel both before and after the occurrence at issue in this case. This Motion will be granted, in part. Leah Hochbaum is precluded from testifying as to her opinions regarding standards of care or the compliance or non-compliance with said standards of care. Ms. Hochbaum is also precluded from testifying concerning any hearsay statements. However, Ms. Hochbaum may testify about her observations during her course of treatment of T.A.

## X. DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE AND BAR CAUSATION TESTIMONY AND OPINIONS OF PLAINTIFF'S REBUTTAL EXPERT PAUL LEVISOHN [doc. #114]

In this Motion, Defendants request that the Court exclude the expert opinions of Dr. Paul Levisohn. The Court will deny Defendants' Motion at this time. Dr. Levisohn's qualifications

6

and opinions may be challenged by Defendants on cross-examination. The Court otherwise reserves ruling as to whether he may testify, except as a rebuttal witness.

**XI.    DEFENDANTS' JOINT MOTION IN LIMINE TO LIMIT AND EXCLUDE THE CAUSATION TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT DAVID POLANER [doc. #116]**

In this Motion, Defendants request that the Court enter an order barring all causation testimony and opinions from Dr. David Polaner. The Court will deny Defendants' Motion at this time. Dr. Polaner's qualifications and opinions may be challenged by Defendants on cross-examination. The Court otherwise reserves ruling as to whether Dr. Polaner may testify.

**XII.    PLAINTIFF'S MOTIONS TO STRIKE [docs. #118, 119, 120]**

In response to the previous three Motions in Limine by Defendants to exclude the testimony of various experts, Plaintiff filed: Plaintiff's Motion to Strike Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Expert Leah Hochbaum [doc. #118], Plaintiff's Motion to Strike Defendants' Joint Motion in Limine to Exclude and Bar Causation Testimony and Opinions of Plaintiff's Rebuttal Expert Paul Levisohn [doc. #119], and Plaintiff's Motion to Strike Defendants' Joint Motion in Limine to Exclude the Causation Testimony and Opinions of Plaintiff's Expert David Polaner [doc. #120]. In each of these Motions, Plaintiff argues that Defendants' Motions to Exclude are untimely because the Case Management Order in this case established April 15, 2010 as the deadline for filing motions challenging expert witnesses. The Court finds this argument to be without merit, and will deny each of Plaintiff's Motions to Strike.

## XIII. PLAINTIFF'S MOTION TO HAVE CERTAIN WITNESSES APPEAR AT TRIAL BY VIDEO LINK [doc. #129]

In this Motion, Plaintiff seeks permission from this Court to have Yisroel Avichail and Noa Mandelbaum testify at trial via Video Link. Both witnesses live in Israel. Defendant St. John's Mercy Health System does not object to this Motion. Defendants Geraldine Jones and Fastaff, Inc. object only to the testimony of Noa Mandelbaum, on the grounds that the witness was not properly disclosed pursuant to Rule 26.

The Court will permit Yisroel Avichail to testify at trial via Video Link. As to Noa Mandelbaum, the witness will be permitted to testify remotely as to Defendant St. John's Mercy Health System, but not as to Defendants Geraldine Jones or Fastaff, Inc. Thus, the Court will grant Plaintiff's Motion, in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [doc. #101] is **DENIED**.

**IT IS FURTHER ORDERED** that Defense Motion in Limine to Preclude Hearsay Evidence from Plaintiff Regarding Comments Allegedly Made at the Hospital [doc. #103] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' First Motion in Limine [doc. #104] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion in Limine [doc. #105] is **GRANTED**.

**IT IS FURTHER ORDERED** that Joint Defendants' Motion in Limine to Bar Plaintiff from Offering Medical or Nursing Conclusions [doc. #106] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Third Motion in Limine [doc. #107] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Fourth Motion in Limine [doc. #109] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Fifth Motion in Limine [doc. #111] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Expert Leah Hochbaum [doc. #112] is **GRANTED**, **in part**, and **DENIED**, **in part**, as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion in Limine to Exclude and Bar Causation Testimony and Opinions of Plaintiff's Rebuttal Expert Paul Levisohn [doc. #114] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion in Limine to Limit and Exclude the Causation Testimony and Opinions of Plaintiff's Expert David Polaner [doc. #116] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Motion in Limine to Exclude the Testimony of Plaintiff's Expert Leah Hochbaum [doc. #118], Plaintiff's Motion to Strike Defendants' Joint Motion in Limine to Exclude and Bar Causation Testimony and Opinions of Plaintiff's Rebuttal Expert Paul Levisohn [doc. #119], and Plaintiff's Motion to Strike Defendants' Joint Motion in Limine to Exclude the Causation Testimony and Opinions of Plaintiff's Expert David Polaner [doc. #120] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Have Certain Witnesses Appear at Trial by Video Link [doc. #129] is **GRANTED**, **in part**, and **DENIED**, **in part**, as set forth above.

Dated this 13th Day of October, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE